UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILL VIKRAM,<br><br>               Petitioner,<br><br>    v.<br><br>DAVID W. JENNINGS, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement, et al.,<br><br>               Respondents. | No. 1:18-cv-01733-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT SIXTY DAYS TO EFFECT REMOVAL OF PETITIONER**<br><br>**ORDER DIRECTING RESPONDENT TO FILE SUPPLEMENTAL RESPONSE BY JUNE 25, 2019** |

      Petitioner Gill Vikram is currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner is challenging his continued detention pending removal.

**BACKGROUND**

      Petitioner is a native of India. (Doc. 1 at 3.) He is currently being detained at the Mesa Verde Detention Center in Bakersfield, California. (Doc. 1 at 1.) On May 17, 2018, an immigration judge ordered him removed to India. (Doc. 12-1 at 3.) He has been detained

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including entry of final judgment.

continuously by ICE since that date.

On or about May 21, 2018, in order to effect removal, ICE forwarded a travel document request to the Indian Consulate under Petitioner's aliases of Vikram Gill, Vikram Gill Billa, and Vikram Gill Singh. (Doc. 12-1 at 3-4.) On or about June 28, 2018, the Indian Consulate advised ICE that they could not verify the information provided in the travel document request and forwarded the packet to authorities in India for verification. (Doc. 12-1 at 3-4.) The identity/nationality verification has been pending in India since then. (Doc. 12-1 at 4.)

On January 23, 2019, a fingerprint comparison was conducted which confirmed that Sukhwinder Singh, aka Sukvinder Singh and Sukh Vinder Singh, and Vikram Gill, aka Vikram Gill Billa, and Vikram Billa Saini are the same person. (Doc. 12-1 at 4.)

In general, the government of India routinely and promptly issues travel documents once identifying information in the travel document request is verified. (Doc. 12-1 at 4.) In this case, the process has proven difficult and time-consuming due to the number of aliases used by Petitioner. (Doc. 16-1 at 1.) ICE officers have met with the Indian Consulate to discuss Petitioner's case most recently on February 28, 2019, March 28, 2019, and April 18, 2019. (Doc. 16-1 at 1.) Indian authorities have represented that the process is still ongoing pending investigation by authorities in India. (Doc. 16-1.) Indian immigration authorities have given no indication that the travel document request will be unsuccessful. (Doc. 16-1 at 1.)

On February 25, 2019, Respondent filed a response to the petition. (Doc. 12.) On March 28, 2019, the Court ordered Respondent to file a supplemental response on or before April 25, 2019. (Doc. 15.) On April 25, 2019, Respondent filed a supplemental response. (Doc. 16.) Petitioner filed a reply to the supplemental response on May 10, 2019. (Doc. 17.)

**DISCUSSION**

In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the U.S. Supreme Court held that the Immigration and Nationality Act's (INA) post-removal-period detention statute does not permit indefinite detention but "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." <u>Id</u> at 689. When faced with making such a determination, the Court must consider "the basic purpose of the statute, namely assuring

the alien's presence at the moment of removal." Id. at 699. In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," the Bureau's "administrative needs and concerns," and the "Nation's need to speak with one voice on immigration." Id. at 700. The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of detention" of six months. Id. at 701. The burden is on the alien to show that there is no reasonable likelihood of repatriation. Id. ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). After six months and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

In this case, Petitioner has remained in post-removal order detention since May 17, 2018. Petitioner's current detention is double the initial six month "presumptively reasonable period of detention." Id. Nevertheless, Petitioner has not provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. As noted by Respondent, with respect to Indian nationals, efforts at repatriation are generally successful. In this case, the process has been complicated due to the number of aliases used by the petitioner. Indian immigration authorities have stated that efforts at verifying Petitioner's identity are ongoing, and there is no indication that the efforts will not prove successful. Nevertheless, the length of Petitioner's detention has grown substantially longer than the six month presumptively reasonable period of detention. Given the nature of this particular case, the Court will grant Respondent's request for an additional sixty days to obtain travel documents and effect removal. However, if no significant progress has been made in that time, and Indian authorities continue to maintain that efforts are merely "ongoing," Petitioner would have a strong argument that there is no significant likelihood of removal in the reasonably foreseeable.

**ORDER**

Accordingly, Respondent is DIRECTED to file a supplemental response setting forth

additional information related to the attempt to obtain a travel document on or before June 25, 2019. Petitioner may file a supplemental response within fourteen days of receipt of Respondent's supplemental response.

IT IS SO ORDERED.

Dated: **May 15, 2019**                    /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE