UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAM GILL,<br><br>        Petitioner,<br><br>    v.<br><br>DAVID W. JENNINGS, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement, et al.,<br><br>        Respondents. | No. 1:18-cv-01733-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION AS MOOT**<br><br>**[Doc. 21]**<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |

Petitioner Vikram Gill is a former immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 26, 2018, Petitioner filed the instant petition challenging his continued detention pending removal. (Doc. 1.) On May 16, 2019, Respondent filed a motion to dismiss the petition as moot since Petitioner has been released from detention. (Doc. 21.) Because Petitioner has been granted the relief he sought and his claims are now moot, the Court will **DISMISS** the petition.[1]

///

///

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) for all purposes, including entry of final judgment.

1

## DISCUSSION

A. <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. <u>See</u> Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, e.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on mootness. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. <u>Mootness</u>

Respondent contends that the instant petition is now moot because Petitioner has been released from immigration detention. Respondent submits a copy of an Order of Supervision dated June 25, 2019, which shows Petitioner was placed on supervision and permitted to be at

2

large under certain conditions. (Doc. 21-1 at 1-5.) Petitioner signed the Order of Supervision on June 25, 2019. (Doc. 21-1 at 1.)

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)). When a prisoner is released from custody, any habeas petition challenging continued detention becomes moot. Fender v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir.1988).

Because Petitioner has been granted the relief he sought and is no longer in detention, the petition is now moot.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED as moot;

3) The Clerk of Court is DIRECTED to enter judgment and close the case.

This order terminates this action in its entirety.

IT IS SO ORDERED.

Dated: __July 1, 2019__          /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE